1541

**FILED**
JAN 15 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 20-13 |
| v. ) | |
| ) | (18 U.S.C. § 371) |
| MAKHAN SINGH ) | |

**INFORMATION**

**COUNT ONE**

The United States Attorney charges:

**INTRODUCTION**

At all times relevant to this Information:

1. The défendant, MAKHAN SINGH, was a native and citizen of India.

2. RS, an individual known to the United States Attorney, was a native and citizen of India, and is the brother of MAKHAN SINGH.

3. DH, an individual known to the United States Attorney, was a citizen of the United States.

**THE CONSPIRACY AND ITS OBJECTS**

4. From in and around 2011 through in and around October 2018, in the Western District of Pennsylvania and elsewhere, the defendant, MAKHAN SINGH, RS and DH knowingly and willfully did conspire, combine, confederate and agree together and with each other, to commit an offense against the United States, that is: marriage fraud (facilitating and knowingly entering into a marriage for the purpose of evading any provision of the immigration laws), in violation of Title 8, United States Code, Section 1325(c).

**MANNER AND MEANS OF THE CONSPIRACY**

5. It was part of the conspiracy that the defendant, MAKHAN SINGH, introduced RS

to DH and requested DH to enter into a marriage with RS, so that RS could obtain lawful permanent residency in the United States.

6. It was further a part of the conspiracy that RS and DH would, and did, enter into a marriage for the purpose of evading the immigration laws of the United States.

7. It was further a part of the conspiracy that RS and DH made false statements and submitted documents containing false representations to the United States Citizenship and Immigration Services (CIS) and committed other fraudulent acts to indicate falsely that they were living together and had a legitimate marriage.

8. It was further a part of the conspiracy that the defendant, MAKHAN SINGH, agreed to pay, and did pay, money to DH for entering into a marriage with RS, and for providing false statements to CIS.

## OVERT ACTS

9. In furtherance of the conspiracy, and to effect the object of the conspiracy, the defendant, MAKHAN SINGH, RS, and DH did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania and elsewhere:

(a) In and around 2011, the defendant, MAKHAN SINGH, offered money to DH, to marry RS, in order to evade the immigration laws of the United States;

(b) On or about December 28, 2012, RS and DH entered into a marriage in order to evade the immigration laws of the United States;

(c) On or about March 5, 2013, DH signed a Petition for Alien Relative [Form I-130] that was submitted to CIS, in which she claimed to be married to RS, when, in fact, as she then well knew, she had entered into a marriage with RS only for the purpose of evading the

2

immigration laws of the United States;

(d) On or about October 15, 2013, RS filed an Application to Register Permanent Residence or Adjust Status [Form I-485] with CIS claiming to be married to DH, when, in fact, as RS then well knew, he had entered into a marriage with DH for the purpose of evading the immigration laws of the United States;

(e) RS and DH took, and caused to be taken, staged photographs of themselves as a couple to falsely document their relationship and marriage for immigration purposes;

(f) RS and DH opened joint bank accounts, including at Huntington Bank, to falsely document their relationship and marriage;

(g) On or about March 11, 2016, RS and DH jointly filed a Petition to Remove Conditions on Residence [Form I-751] with CIS claiming that they were married, that RS lived at the residential address of DH, and that RS had not lived at any other residential address since he became a permanent resident, when in fact, RS did not live at the residential address of DH, and he had entered into a marriage with DH for the purpose of evading the immigration laws of the United States. RS signed the Petition to Remove Conditions on Residence and certified under penalty of perjury that the information in the Petition, his responses to each question, and any documents submitted with his petition were provided by him and were complete, true, and correct, well knowing that RS had provided false information;

(h) On or about December 14, 2017, RS and DH appeared for interviews and testified under oath to a CIS officer. RS testified that he had not separated from DH, or lived at a separate address from DH, during their five years of marriage, when in fact, as RS then well knew, he and DH had entered into a marriage for the purpose of evading the immigration laws of the

3

United States, and RS and DH had lived at separate addresses during their five years of marriage. DH testified that she was never paid to complete an immigration application, or to marry her husband, in order to get him a green card, when in fact, as DH then well knew, RS and DH had entered into a marriage for the purpose of evading the immigration laws of the United States, and DH had received payments for marrying RS in order to evade the immigration laws of the United States;

(i) For a number of years, including from in and around September 2015 through in and around March 2018, DH received payments, typically by check, from the defendant, MAKHAN SINGH, for marrying RS in order to evade the immigration laws of the United States. In addition to the foregoing payments, DH received other payments from the defendant, MAKHAN SINGH, for marrying RS, in order to evade the immigration laws of the United States; and

(j) DH received payments from the defendant, MAKHAN SINGH, for car insurance for a vehicle jointly registered to DH and RS, in order to falsely document their relationship and marriage for immigration purposes.

In violation of Title 18, United States Code, Section 371.

 

SCOTT W. BRADY
United States Attorney
PA ID No. 88352